```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3      Before The Honorable Sallie Kim, Magistrate Judge
 4
 5 UNITED STATES OF AMERICA,    )
                                )
 6          Plaintiff,          )
                                )
 7 vs.                          )   No. 24MJ71740-MAG
                                )
 8 YINPIAO ZHOU,                )
                                )
 9          Defendant.          )
   _____)
10
11                              San Francisco, California
                                Tuesday, December 10, 2024
12
13   TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
            RECORDING 10:45 - 11:02 = 17 MINUTES
14
15 APPEARANCES:
16 For Plaintiff:
                                United States Attorney's
17                                Office
                                450 Golden Gate Avenue
18                              Eleventh Floor
                                San Francisco, California
19                                94102
                          BY:   GALEN A. PHILLIPS, ESQ.
20
   For Defendant:
21
                                Federal Public Defender
22                              450 Golden Gate Avenue
                                Nineteenth Floor
23                              San Francisco, California
                                  94102
24                        BY:   CANDIS L. MITCHELL, ESQ.

25         (APPEARANCES CONTINUED ON THE NEXT PAGE.)
```

2

```
 1  For Pretrial Services:
                                BY:   HANNAH DEBOIS
 2

 3  Transcribed by:             Echo Reporting, Inc.
                                Contracted Court Reporter/
 4                              Transcriber
                                echoreporting@yahoo.com
 5

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

3

1  Tuesday, December 10, 2024                              10:45 a.m.
2               P-R-O-C-E-E-D-I-N-G-S
3                      --oOo--
4        THE CLERK:  Now calling criminal matter 24-71740,
5  United States versus Yinpiao Zhou.
6     Counsel, please state appearances for the record,
7  starting with the Government.
8        MR. PHILLIPS:  Good morning, again, your Honor.
9  Galen Phillips on behalf of the United States.
10        THE COURT:  Good morning.
11        MS. MITCHELL:  Good morning, your Honor.  Candis
12 Mitchell on behalf of the person charged as Mr. Zhou,
13 present before the Court, in custody.
14        THE COURT:  Thank you.
15     Mr. Zhou, you are here today because you've been
16 charged in the Central District of California with a -- in a
17 Criminal Complaint with violations of two United States
18 statutes.  And, today we'll talk about the charges against
19 you, your rights under the constitution and set some hearing
20 dates and talk about other issues, as well.
21        MS. MITCHELL:  And, your Honor, just for the
22 record, Mr. Zhou does indicate that he speaks and
23 understands some English.  He's informed me that if it's a
24 complicated legal word, he does not know what that word is.
25 So, I don't know how the Court would like to proceed.

                                                                4

1           THE COURT:  I was just going to ask that question.
2  So, Mr. Zhou, we have a certified court interpreter in
3  Mandarin.  And so, would you like her to stand by your side,
4  in case I say something that you don't understand in
5  English?
6           THE DEFENDANT:  If it's a complex legal term --
7           THE COURT:  Uh-huh.
8           THE DEFENDANT:  -- even if it's translated into
9  Mandarin, I wouldn't be able to necessarily really
10 understand.
11          THE COURT:  Okay.
12          THE DEFENDANT:  If you can explain it in simple
13 English, then I'll be able to understand that.
14          THE COURT:  I usually try to anyhow.
15          THE DEFENDANT:  All right.
16          THE COURT:  But if there's something you don't
17 understand, let me know.
18          THE DEFENDANT:  Okay.
19          THE COURT:  Or let Ms. Mitchell know and I can
20 explain it.
21          THE DEFENDANT:  Sure.  Good.
22          THE COURT:  So, first of all, Mr. Zhou, you have
23 the right to an attorney to be present with you at all
24 stages of the proceedings, including if you're questioned by
25 law enforcement.  If you -- you can choose your own lawyer,

5

1  but if you cannot afford one, one will be appointed for you
2  at no cost.
3      And, Ms. Mitchell, are you asking to be appointed as
4  Mr. Zhou's lawyer?
5          MS. MITCHELL:  Yes, I am, your Honor.  We do have
6  a financial affidavit and I just need to have Mr. Zhou sign
7  it.
8       (Defendant signing document.)
9          THE COURT:  Okay.  I find that Mr. Zhou qualifies
10 for appointment of counsel and I'm appointing Candis
11 Mitchell of the Federal Public Defender's Office to
12 represent him.
13         THE DEFENDANT:  Thank you.
14         THE COURT:  Also, Mr. Zhou, you have the right to
15 remain silent.  You don't have to make a statement at any
16 time.  If you do make a statement, you can ask that your
17 lawyer be present.  If you start talking, you can stop, but
18 if you make a statement, it can be used against you.
19     And, Mr. Phillips, could you summarize the charges of
20 the complaint and the potential maximum penalties against
21 Mr. Zhou?
22         MR. PHILLIPS:  Yes, your Honor.  The Defendant has
23 been charged with two violations.  The first violation is a
24 Title 49 United States Code Section 46306, for failing to
25 register an aircraft, not providing transportation.  And,

6

1 the second violation is Title 49 United States Code Section
2 46307 for violation of National Defense Airspace.
3     The maximum penalties are as follows.  For the failure
4 to register an aircraft, the maximum penalties are three
5 year imprisonment, one year of supervised release, $250,000
6 or twice the gross gain or gross loss resulting from the
7 offense and a $100 special assessment.
8     And, for the violation of National Defense Airspace, it
9 is one-year imprisonment, one-year supervised release,
10 $100,000 or twice the gross gain and gross loss resulting
11 from the offense, and a $25 special assessment fee.
12         THE COURT:  Mr. Zhou, do you understand the
13 charges and the potential maximum penalties against you?
14         THE DEFENDANT:  Yes.
15         THE COURT:  Okay.  You also have a right to
16 something called a removal hearing, that is where the only
17 question is one of identity, are you the person named in
18 this particular complaint.  It's not of guilt or innocence.
19 And, you also have the right to waive, or give up your right
20 to that removal hearing, and go straight to the Central
21 District of California and have your case heard there.
22     Ms. Mitchell, how does this person want to proceed?
23         MS. MITCHELL:  Your Honor, I have spoken with Mr.
24 Zhou and he is agreeing that he is, in fact, the person that
25 is wanted in the Central District of California, that he

```
                                                                  7
 1  wishes to go forward with the detention hearing here.
 2          THE COURT:  Okay.  All right.  So, sir, could you
 3  state your name?
 4          THE DEFENDANT:  My first name is Yinpiao, last
 5  name is Zhou.
 6          THE COURT:  Okay.  And how old are you, sir?
 7          THE DEFENDANT:  Thirty nine.
 8          THE COURT:  Okay.  So, you have the right to have
 9  a detention hearing in this district, that is whether or not
10  you'll be released or detained in jail before you actually
11  are -- before your case is resolved, and my understanding is
12  that you want to be heard on that issue here in this court.
13  You do have that right.
14      You also have one more right, and that is, if you want
15  to, if you choose to plead guilty, you can plead guilty in
16  this district, but that requires agreement on the U.S.
17  Attorney here and also in the Central District of
18  California.  So, that -- you would have to get their
19  permission in order to do that.
20      But, Mr. Phillips, what's the Government's position on
21  detention?
22          MR. PHILLIPS:  We are seeking to have the
23  Defendant detained.
24          THE COURT:  Okay.  And, Ms. Mitchell, how are we
25  going to proceed?
```

1        MS. MITCHELL:  I'd like to go forward at this
2 time, your Honor, with the hearing to -- and argue for Mr.
3 Zhou's release.
4        THE COURT:  Okay.
5        MS. MITCHELL:  I also have (indiscernible).
6        THE COURT:  All right.  Go ahead.
7        MS. MITCHELL:  Your Honor, Mr. Zhou is a legal
8 permanent resident of the United States.  He is a Chinese
9 National, but he's a legal permanent resident of the United
10 States.  He's been residing at the same address in Brentwood
11 since February of this month (sic) -- of this year, and
12 while he's currently unemployed, he previously has worked in
13 commercial conference -- commercial conference, setting up
14 settings.  He's worked for pharmaceutical companies and
15 things like that.
16     He does have -- he rents a room in a house.  There --
17 the landlord also resides there.  There's other people who
18 reside there.  He is someone who has gotten his MBA here
19 from the United States.  He got his MBA from my alma mater,
20 he went to UNC Chapel Hill.  He has his undergrad degree
21 with a degree in engineering from an university in
22 Australia.  But, he is willing to surrender his passport.
23      This is a case where one charge is a misdemeanor, the
24 other charge is not likely to face serious offense -- a
25 serious charge here.  He's essentially been accused of

9

1 flying a drone near Vandenberg Air Force Base --
2          THE COURT:  I read the complaint.
3          MS. MITCHELL:  Immediately after being questioned,
4 he informed the agents of all of the information that they
5 asked him.  He cooperated with them.  He answered their
6 questions.  He -- if there was a reason why this could have
7 resulted in him leaving, he could have at anytime previous
8 to this, left the United States.  He did not.  He has been
9 here.  He was intending to go back home for the holidays, as
10 people frequently travel during December.  He had a plane
11 ticket where he was planning on going back home for the
12 holidays, he is understanding that during the pendency of
13 this case, he's not going to be able to travel back and he
14 would be willing to surrender his passport.
15      For the type of case that he's got, with the fact that
16 he doesn't have a criminal history, he has a legal permanent
17 residence, which means that someone has done a background
18 check on him and has deemed him to be a person who is able
19 to reside here in the United States, there's no allegation
20 here that he was doing this on behalf of, like the Chinese
21 government or anything else like that.  He was essentially
22 present at Vandenberg when Space X was doing a launch.
23      And, so, this does not seem to be the type of case that
24 would necessitate a concern that he would otherwise flee or
25 not appear.  He is willing to, if need be, rent a car to

1 drive down to Los Angeles to make any kind of arrangements
2 that he would need to get there.  And I'm willing to
3 coordinate with the Pubic Defender there to make sure that
4 if other arrangements need to be made, they can be made so
5 that he makes his court appearances there.
6          THE COURT:  Okay.  Thank you.
7     Mr. Phillips?
8          MR. PHILLIPS:  Excuse me, your Honor, yes.  We
9 believe that he should be detained, both because he presents
10 a risk of flight and because he presents a risk to the
11 community, and I'll address them in turn.
12     As to the risk of flight, as Ms. Mitchell has already
13 conceded, the Defendant was arrested as he was at SFO hoping
14 to return to China.  Ms. Mitchell alleged that he has a
15 rental property, but it's my understanding that he is in
16 fact staying at an Airbnb and the tenancy on that Airbnb has
17 also ended.
18     So, in terms of connections to the community, we have
19 no present job, no residence, no family members, no one
20 willing to put up a bond here.  And really the only kind of
21 color of a bail package we have, is that he might be willing
22 to rent a car and drive himself down to L.A.
23          THE COURT:  Tell me about the arrest at the
24 airport.
25          MR. PHILLIPS:  My understanding, and we do have an

1  agent who was involved in the arrest here today if you'd
2  like to hear from him, is that he was at SFO, hoping to
3  return to China for a ticket he had already purchased.
4          THE COURT:  And what day was that?
5          MR. PHILLIPS:  That was yesterday at 11:00.
6          THE COURT:  Okay.  Was it the first time he was
7  arrested?  In other words, he had to contact with the
8  rangers, or whoever, at the Vandenberg Air Force Base, and
9  then they -- what did they do then?  Did they tell him,
10 "You're under arrest," or did they let him go?
11         MR. PHILLIPS:  No.  I think that they, as detailed
12 in the complaint affidavit, they seized certain materials,
13 including the drone and his cell phone.  They obtained a
14 warrant, but I think he was released at that point in time.
15         THE COURT:  And then -- then he was apprehended at
16 the airport?
17         MR. PHILLIPS:  Correct.  On the warrant in the
18 complaint.
19         THE COURT:  Okay.  All right.
20     Ms. Mitchell?
21         MS. MITCHELL:  And, your Honor, just for the
22 Court's further information, his plane ticket was a return
23 plane ticket.  It wasn't something where he had a one-way
24 ticket to go to China.  And this ticket had been purchased
25 in advance of the time that he had been actually set for --

12

this incident happened at Vandenberg.

THE COURT: Uh-huh. Okay. So what about the lease? Is it an Airbnb or is it a rental apartment?

THE DEFENDANT: Initially it was an Airbnb, but now we went rent off the platform, because they give me a discount for going off the platform.

MS. MITCHELL: And so now it's basically a month-to-month rate.

THE COURT: Okay. And so, Mr. Phillips, is there any criminal history that you're aware of?

MR. PHILLIPS: No, not that I'm aware of, though I did want to address danger to the community, unless your Honor thinks that wouldn't be necessary --

THE COURT: Yeah -- oh, go ahead. I interrupted you.

MR. PHILLIPS: No, no, no. It's no problem at all. I would just note that there's abundant evidence here and there's also a degree of sophistication.

This type of crime is very difficult to detect. It's only in the instance of a drone detection system at Vandenberg that we were able to uncover it. When the Defendant was first approached, he lied about who he thought the pilot of the drone was, and then he further lied about the (indiscernible) issue of the flight, it's -- that it was a flight of about 15 minutes, approximately, but in his

1 statements he said it was 11 to 12 minutes.
2      All of this is just to say that he has a predisposition
3 in not articulating accurate or truthful (sic) with law
4 enforcement.  He also -- there's evidence of premeditation,
5 your Honor.  As you saw from the complaint affidavit, he did
6 search through -- about the legality in what he was
7 intending to do, as early as November, and then he still
8 went forward with his plan.
9      All of that is to say that, given the difficulties of
10 addressing and detecting this type of crime and the
11 sophistication involved here, mainly his willingness to hack
12 a drone, we believe that he presents a risk of danger that
13 also cannot be adequately mitigated by a bail package.
14           MS. MITCHELL:  And, your Honor, to address that,
15 it was a drone.  And if the Government is concerned that he
16 is a risk of danger because he might fly a drone again, we
17 could surrender any drones that he has and that would
18 immediately address the issue.
19      The FBI (sic) -- or the agents there detained and
20 (indiscernible) the drone that he actually had.  His
21 recounting of how long the drone was in flight versus their
22 detection device, can be readily rectified as to looking at
23 the actual video footage on the drone itself to decide that
24 issue, and it seems like they immediately were aware of the
25 fact that the drone was at the location.  We could have a

1 stay away order from Vandenberg, if that is the issue.
2 (Indiscernible) concern here, indicated that he has a
3 history of flying drones in places where he is a risk of
4 harm to national security concerns.  This is the first time
5 that he's been arrested at Vandenberg.  There's not a long
6 history of him terrorizing other people with drones, and I
7 believe the fact that the drone was seized, alleviates any
8 risk of harm to the community.
9     THE COURT:  I'm willing to release Mr. Zhou, but
10 on the conditions that -- with the understanding, also, that
11 the Central District of California might make a different
12 decision when you get there.  You have to appear yourself
13 down there -- so, stay away from Vandenberg Air Force
14 Base --
15     MR. PHILLIPS:  Your Honor --
16     THE COURT:  -- or any other military bases --
17     MR. PHILLIPS:  I do apologize.  I should have
18 perhaps noted this in advance.  The AUSA prosecuting this
19 matter has asked that any release order be stayed for a
20 period sufficient to allow an appeal to be put forth.  And I
21 just wanted to correct one other thing that Ms. Mitchell
22 just offered.  My understanding from the complaint, and I
23 don't have this first-hand knowledge, is that in fact Mr.
24 Zhou was in fact in trouble in China for flying a drone
25 where he should not be flying.  So, Ms. Mitchell's

```
                                                              15
 1  allegation is that this is the first time is incorrect.
 2           THE COURT:  Okay.  How long do you want for the
 3  stay for appeal?  Because I don't want to keep him any
 4  longer than necessary.
 5           MR. PHILLIPS:  Yeah, I think 48 hours.
 6           MS. MITCHELL:  Your Honor --
 7           THE DEFENDANT:  (Indiscernible) 24 hours.
 8           MR. PHILLIPS:  Okay.  I'll let the AUSA know right
 9  away.
10           THE COURT:  Okay.  Stay away from any military
11  bases.  No -- no possessions of drones.
12      Is there a date already in the Central District of
13  California, Mr. Phillips, that you know of?
14           MR. PHILLIPS:  No, no that I know of, your Honor.
15           THE COURT:  Okay.  So, Mr. Zhou, you're going to
16  go back on your own to the Central District of California
17  and -- oh, and turn in the passport, also, Ms. Mitchell --
18  but they'll set a date for you there, with regard to where
19  you're supposed to appear and what time.  You're in front of
20  the Central District of California magistrate judge.
21      And, I'm sorry, I didn't let Ms. DeBois make her
22  appearance.
23           MS. DEBOIS:  Good morning, your Honor.  Hannah
24  DeBois with the U.S. Pretrial Services.  Does your Honor
25  want a pre-bail or post-bail?  Or do you want pretrial
```

1  supervision?
2         THE COURT:  Yes, to pretrial supervision.  No for
3  post-bail report (indiscernible) --
4         MS. DEBOIS:  Could we -- my apologies, your
5  Honor --
6         THE COURT:  Uh-huh.
7         MS. DEBOIS:  Could we interview him in the lockup
8  today?
9         THE COURT:  Yeah.  Ms. Mitchell, would it be --
10        MS. MITCHELL:  Yes, your Honor.
11        MS. DEBOIS:  Thank you, your Honor.
12        THE COURT:  And now, I'm assuming that the
13 pretrial supervision will be then transferred to the Central
14 District of California?
15        MS. DEBOIS:  Depending on where he'll be residing,
16 but we'll work with the Central District of California.
17    Your Honor?
18        THE COURT:  Yes.
19        MS. DEBOIS:  Pretrial Services would just ask if
20 the Defendant is released in 24 hours, that he report to
21 Pretrial Services --
22        THE COURT:  Before he goes to -- yeah.  Okay.
23        MS. DEBOIS:  -- before he goes to the Central
24 District of California.  And I'll give him that information.
25        THE COURT:  Okay.  I'll make that clear.

1          MR. PHILLIPS:  I'm sorry, I do not -- I would ask
2    that -- and I think that it already does say that he
3    relinquish his passport.
4          THE COURT:  Yes.  It does here.  I'll put tomorrow
5    -- by tomorrow.  Okay.
6        So, the Defendant is going to be released on his own
7    recognizance, personal recognizance at this time,
8    (indiscernible) of bail, but the Defendant is subject to
9    each condition checked.  The Defendant must appear at all
10   proceedings as ordered by the Court and will surrender for
11   service of any sentence imposed.  The Defendant must not
12   commit any federal, state or local crime.  The Defendant
13   must not harass, threaten, intimidate, injure, tamper with
14   or retaliate against any witness, victim, informant, juror
15   or officer of the court, or obstruct any criminal
16   investigation.
17       The Defendant must submit to supervision by Pretrial
18   Services and must report immediately upon release and
19   thereafter as directed to Pretrial Services.  That's what
20   Ms. DeBois was talking about.
21       The Defendant must surrender any passports and other
22   travel documents to Pretrial Services by December 11th,
23   2024, when you go to them, and must not apply for any new
24   passports or travel documents.
25       The following conditions also apply.  The Defendant

```
                                                           18
 1  must stay away from Vandenberger -- Vandenberg Space Force
 2  Base, and any other military bases.  And the Defendant must
 3  not possess any drones.
 4       Mr. Zhou, do you understand these conditions?
 5            THE DEFENDANT:  Yes, I do.
 6            THE COURT:  Okay.  And do you promise to abide by
 7  them?
 8            THE DEFENDANT:  Yes.
 9            THE COURT:  Okay.  So, I'm going to have you sign,
10  but I'm not going to sign until tomorrow because I'm going
11  to stay this for 24 hours so that the prosecution can appeal
12  this to the district judge, and then if it's -- depending on
13  what happens, then I'll sign it or not sign it.
14            MR. PHILLIPS:  Thank you very much, your Honor.
15            MS. MITCHELL:  And then, does your Honor want to
16  have a control --
17            THE COURT:  A control date.
18            MS. MITCHELL:  Either here or in the Central
19  District?
20            THE COURT:  Let's set a date here, a control date
21  here, just in case.  That's a good idea, since we don't have
22  date in -- Brenda, just hold onto it for now.  Let's set it
23  for December -- December 16th at 10:30 a.m.  Does that work
24  for folks?
25            MR. PHILLIPS:  That works for us.  Thank you, your
```

```
                                                              19
 1  Honor.
 2          THE COURT:  Okay.
 3          MS. MITCHELL:  So come back here.
 4          THE DEFENDANT:  Come back here.  Okay.
 5          THE COURT:  Is there anything else we should talk
 6  about while we're all here?
 7          MR. PHILLIPS:  No.  Thank you, your Honor.
 8          THE COURT:  Okay.  At this time, the Defendant
 9  will be remanded to the custody of the U.S. Marshal for at
10  least 24 hours, allowing for the appeal -- thank you -- and
11  a return date on December 16th, 10:30 a.m. here.
12      (Proceedings adjourned at 11:02 a.m.)
13
14
15
16
17
18
19
20
21
22
23
24
25
```

20

1 CERTIFICATE OF TRANSCRIBER

2

3    I certify that the foregoing is a true and correct
4 transcript, to the best of my ability, of the above pages of
5 the official electronic sound recording provided to me by
6 the U.S. District Court, Northern District of California, of
7 the proceedings taken on the date and time previously stated
8 in the above matter.
9    I further certify that I am neither counsel for,
10 related to, nor employed by any of the parties to the action
11 in which this hearing was taken; and, further, that I am not
12 financially nor otherwise interested in the outcome of the
13 action.

14 *[signature]*

15

16    Echo Reporting, Inc., Transcriber

17       Thursday, December 12, 2024